## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CYDNEY HALPERIN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>YOUFIT HEALTH CLUBS, LLC, a Florida limited liability company,<br><br>*Defendant*. | Case No. |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Cydney Halperin ("Halperin" or "Plaintiff") brings this class action under the Telephone Consumer Protection Act against Defendant Youfit health Clubs, LLC ("Youfit" or "Defendant"), to stop its practice of sending unauthorized and unwanted text messages promoting memberships to its fitness clubs, and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. This case challenges Defendant's practice of sending unsolicited text messages promoting discounted memberships to its chain of fitness clubs to consumers without their consent, including to consumers registered with the national Do Not Call Registry.

2. Defendant's unsolicited texts violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and caused Plaintiff and putative members of the Classes to suffer actual harm, including the aggravation, nuisance, loss of time, and invasions of privacy that result from the

1

receipt of such text messages, lost value of cellular services paid for, and a loss of the use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

3. Accordingly, Plaintiff seeks an injunction requiring Defendant to cease sending unsolicited text messages to consumers, as well as an award of actual and/or statutory damages and costs.

## PARTIES

4. Plaintiff Cydney Halperin is a resident of Broward County, Florida.

5. Defendant Youfit is a Florida limited liability company whose principal office is located at 1350 E Newport Center Dr., Suite 110 Deerfield Beach, FL 33442. Defendant directs, markets, and provides its business activities throughout the State of Florida.

## JURISDICTION & VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is incorporated and headquartered in Florida, and because Defendant's unauthorized marketing scheme was directed by Defendant from and to this District.

## FACTUAL ALLEGATIONS

8. Defendant is one of the largest fitness clubs in the word operating over 100 locations in 14 states. To promote its fitness clubs Defendant sends unsolicited marketing text messages to consumers, including to consumers registered on the national Do Not Call Registry. And this is precisely what happened to Plaintiff.

9. Plaintiff registered her telephone number with the national Do Not Call Registry on November 30, 2009. Notwithstanding, on or about May 8, 2018, Defendant sent two telemarketing text messages to Plaintiff's cellular telephone number ending in 2200 (the "2200 Number"), without Plaintiff's consent:

> (772) 266-7836
>
> Text Message
> Tuesday 12:51 PM
>
> (2/2) If you have any questions call 954-915-0080 and ask for Priscilla. Reply STOP to opt-out.
>
> (1/2) Youfits amazing $0 DOWN is back, but for a very short amount of time. Take advantage while you can. Sign up today @ https://www.youfit.com/join/step2

10. Defendant's unsolicited texts were a nuisance that aggravated Plaintiff, wasted her time, invaded her privacy, diminished the value of the cellular services she paid for, caused her to temporarily lose the use and enjoyment of her phone, and caused wear and tear to her phone's data, memory, software, hardware, and battery components.

11. On information and belief, Defendant, or a third-party acting on its behalf, sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of consumers. To the extent the text messages were sent on Defendant's behalf to consumers, Defendant permitted the third-party to use its devoted long-code (772-266-7836), provided the third-party access to its records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text messages in violation of the TCPA.

12. In sending the unsolicited text messages at issue, Defendant, or a third party acting

on its behalf, utilized an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "STOP," the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a long-code, which is consistent with the use of an automatic telephone dialing system to send text messages.

13. Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

> **No Consent Class:** All persons who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Youfit, (2) using an automatic telephone dialing system, (3) for the purpose of soliciting their purchase of a Youfit membership, and (4) for whom Youfit claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Youfit claims it supposedly obtained prior express written consent to call the Plaintiff.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of YouFit; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Youfit's products and services; and (5) for whom Youfit claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Youfit claims it supposedly obtained prior express written consent to call the Plaintiff.

14. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal

4

representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

15. **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent unsolicited text messages to thousands of individuals who fall into the Classes. Class membership can be easily determined from Defendant's records.

16. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

17. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    a) How Defendant gathered, compiled, or obtained the cellular telephone numbers of Plaintiff and the Classes;

    b) Whether the text messages were sent using an automatic telephone dialing system;

    c) Whether Defendant's text messages were sent for the purpose of marketing Defendant's services;

    d) Whether Defendant sent some or all of the text messages without the consent of Plaintiff and the Classes; and

    e) Whether Defendant's conduct was willful and knowing such that Plaintiff and the Classes are entitled to treble damages.

18. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect

the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

19. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

20. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the No Consent Class)**

21. Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 of this complaint and incorporates them by reference.

22. Defendant and/or its agents agent transmitted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. These solicitation text messages were sent without the consent of Plaintiff and the other members of the Class.

24. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii), and as a result, under 47 U.S.C. § 227(b)(3)(B), Plaintiff and the Class are entitled to a minimum of $500.00 in damages for each violation.

25. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the Class.

**SECOND CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

26. Plaintiff repeats and realleges the paragraphs 1 through 20 of this Complaint and incorporates them by reference herein.

27. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

28. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

29. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

30. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

31. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

32. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

8

of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

33. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and her counsel as Class Counsel;

b) An award of actual and statutory damages;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Dated: July 25, 2018.

By     */s/*Avi R. Kaufman
Avi R. Kaufman (Florida Bar no. 84382)
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

Andrew J. Shamis (Florida Bar no. 101754)
SHAMIS & GENTILE, P.A.
14 NE 1st Ave, Suite 400
Miami, Florida 33132
Telephone: (305) 479-2299
Email: ashamis@shamisgentile.com

Scott A. Edelsberg (Florida Bar no. 100537)
EDELSBERG LAW, PA
19495 Biscayne Blvd #607
Aventura, FL 33180
Email: scott@edelsberglaw.com

*Counsel for Plaintiff and all others similarly situated*