IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-61722-WPD

CYDNEY HALPERIN, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.

YOUFIT HEALTH CLUBS, LLC, a
Florida limited liability company,

    Defendant.
_____/

**CLAIMS ADMINISTRATOR JND LEGAL ADMINISTRATION
CO.'S MOTION FOR LEAVE TO JOIN IN PLAINTIFF'S
MOTION FOR ENFORCEMENT OF SETTLEMENT (ECF No. 51)**

JND Legal Administration Co. ("JND") hereby moves to join in Plaintiff's Motion for Enforcement of Settlement (the "Enforcement Motion") (ECF No. 51) and for the Court to order payments to JND for JND's work as the court-appointed claims administrator in this case, as contemplated in the settlement approved by this Court and incorporated into this Court's orders.[1]

JND is mindful that this Court previously denied JND's attempt to seek relief for the Defendant's failure to abide by the Defendant's payment obligations under the court-approved Settlement Agreement, which this Court incorporated into its orders. (*See* ECF No. 46-50.) At that time, the Court perceived the Defendant's failure to abide by its obligations simply as a

---

[1] While JND submits that it is already before this Court in light of its status as ***the court-appointed claims administrator***, to the extent that there is any question that, as a procedural matter, JND may join in the Enforcement Motion, alternatively JND submits that it would be entitled to (a) seek intervention and/or (b) assert the rights of an affected non-party for the enforcement of orders under Fed. R. Civ. P. 71.

"breach of contract" matter.  (ECF No. 50.)  However, as observed by the United States Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 381 (1994), "by incorporating the terms of the settlement agreement in the order," "a breach of the agreement would be a violation of the order."  *See, e.g.*, *Doe v. School Bd. for Santa Rosa County, Fla.*, 711 F. Supp. 2d 1320, 1324-25 (N.D. Fla. 2010) (noting the distinction between mere "consent agreements" which are governed by contract law and a settlement agreement incorporated into a court order which the court treated as a court order over which the court had enforcement jurisdiction).  Thus, JND contends that the Defendant has not been complying **with this Court's orders** *in addition* to ignoring its contractual obligations.  Because Plaintiff is now seeking similar relief (ECF No. 51), JND respectfully joins in Plaintiff's Enforcement Motion.

In support of this Motion, JND states as follows:

### Introduction

On May 24, 2019, the Plaintiff filed an unopposed motion for preliminary approval of a class action settlement.  (ECF No. 36 (the "Preliminary Approval Motion")).  As part of the Preliminary Approval Motion, the parties specifically sought court approval of JND as the claims administrator to administer the class action settlement.  (*Id.*)  As noted throughout the Preliminary Approval Motion, the parties represented to the Court that JND would undertake a significant amount of work to administer the settlement.  (*Id.*)

The Plaintiff attached the parties' Settlement Agreement to the Preliminary Approval Motion. (ECF No. 36-1.)  JND's integral role regarding the administration of the settlement is referenced throughout the Settlement Agreement.  (*See id.*)  Indeed, the Settlement Agreement provides:  "All Notice and Administrative Costs shall be paid by YouFit from the Settlement Fund."  (*Id.* at 14.)  The Agreement defines "Notice and Administrative Costs" as:

>
> the reasonable costs and expenses authorized by the Court and approved by Class Counsel and Counsel for YouFit for disseminating the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with determining e-mail or mailing addresses for Settlement Class Members, assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Payments.

(*Id.* at 8.)  The Settlement Agreement further defines the "Settlement Fund" as:

> the total maximum amount that YouFit has agreed to make available to cover the Claim Settlement Payments, all Attorneys' Fees and Expenses, ***all Notice and Administration Costs***, and any Service Award in settlement in full of this Action.  The Settlement Fund shall not exceed $1,418,635.

(*Id.* at 10 (emphasis added).)  Thus, as proposed to the Court and as contemplated in the formal documents filed with the Court, the payments to JND were and are to come from the same fund as the payment of class claims, the payment of Plaintiff's counsel's costs and attorney's fees, and the Plaintiff's service award.  (*Id.*)

Following those representations made by the parties to the Court regarding the proposed role of JND and the source of payment for JND's services, the Court issued its Order Preliminarily Approving Class Settlement and Notice, Certifying Settlement Class, and Scheduling Fairness Hearing.  (ECF No. 37 (the "Preliminary Approval Order").)  In the Preliminary Approval Order, the Court ruled: "JND Legal Administration, Inc., shall serve as the Administrator."  (*Id.* at 7.) The Preliminary Approval Order ***requires*** JND to perform numerous tasks to administer the settlement (which the Court prefaced with such mandatory terms as "[t]he Administrator shall . . ." and "[t]he Administrator is directed . . .") as agreed to by the Parties and ordered by the Court. (*Id.* at 7-8.)

On November 1, 2019, the Court issued its Final Judgment and Order Approving Settlement.  (ECF No. 44.)  As such, the Court expressly approved the Settlement Agreement,

3

including the terms that set forth the duties of JND and the payment to JND for the performance of such duties. Further, the Court ordered:

> Without affecting the finality of this Final Approval Order, this Court hereby ***retains jurisdiction*** as to ***all matters relating to administration***, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other purpose. . . . The ***administration*** and consummation of the Settlement as embodied in the Settlement Agreement ***shall be under the authority of the Court***. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(*Id.* at 2, 7 (emphasis added).) The Court also ordered JND to make payments to class members. (*Id.* at 9.) Thus, JND's duties regarding this settlement and its payment for performing those duties are the subject of a Court order – not simply a contract.

As set forth above, this Court previously denied JND's attempt to seek relief from this Court for Defendant's failure to abide by the Defendant's payment obligations. (*See* ECF Nos. 46-50.) However, based on the manner in which the Plaintiff has now framed the payment issue, JND believes that it puts the Defendant's violation of the court-ordered settlement– and the administration thereof– in a different light. As couched by the Plaintiff, this is not a garden-variety "breach of contract" issue. As explained below, JND submits that, should the Court now entertain the Plaintiff's Enforcement Motion, the Court should also order concomitant relief to JND as the payment obligations to JND, at a minimum, stand on at least an equal basis as the payment obligations to Plaintiff and her counsel.

If anything, JND's dispute with the Defendant is more acute. As indicated in the Enforcement Motion (ECF No. 51 at p. 2), at least Plaintiff's counsel has already received significant sums of money from the Defendant– but, JND has received ***nothing*** to compensate it for the work it has done in this Action.

**Argument**

I. **JND Has Standing and a Right to Join in the Enforcement Motion.**

As JND was appointed ***by order of this Court*** and was ordered by this Court to engage in specific tasks to administer the settlement, JND is already squarely before this Court as a party in interest with respect to the enforcement of this Court's orders. Indeed, as ordered in the Preliminary Approval Order, JND was expressly appointed by name by this Court. (ECF No. 37 at 7.) Accordingly, JND submits that there is no further threshold for JND to surpass in order to invoke the right to join in the relief sought by Plaintiff in the Enforcement Motion.

In any event, on an alternative basis, JND would be entitled to intervene in this Action (pursuant to Fed. R. Civ. P. 24) or to seek non-party order enforcement status (pursuant to Fed. R. Civ. P. 71). Where courts have issued orders requiring a third party to perform services in an action, and the third party was not paid by the parties for the performances of such services, courts have granted motions brought by the third party under Rule 24 and/or Rule 71. *See, e.g.*, *Stewart v. State Farm Fire & Cas. Co.*, No. CIV. A. 96–CV–0441, 2001 WL 209915 (E.D. Pa. Feb. 26, 2001) (while noting that appointed arbitrator had considered fee collection action in state court for non-payment of fees, court granted intervention in federal action and granted motion to compel payment to arbitrator); *Local 144, Hotel, Hospital, Nursing Home & Allied Services Union v. Sands*, No. CIV-A-87–2778, 1992 WL 15154 (S.D.N.Y. Jan. 21, 1992) (where court-appointed arbitrator filed motion to intervene under Rule 24 and for enforcement of order under Rule 71 based on non-payment of fees, court granted motion because implicit in the court's order appointing the arbitrator was the parties' obligation to pay the arbitrator, noting that not permitting enforcement of the payment obligation "in the very court that ordered the reference would unnecessarily damage a vital cog in the wheels of justice").

In terms of intervention, JND either "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest" and/or "has a claim or defense that shares with the main action a common question of law or fact" as contemplated by the rule. Fed. R. Civ. P. 24(a), (b). Specifically, the Enforcement Motion seeks payment from the same "Settlement Fund" from which JND is supposed to be paid based on the same or similar legal theories and arguments that would apply to JND.[2]

Alternatively, Rule 71 provides that, "[w]hen an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71. As explained above, JND's duties and the "Settlement Fund" at issue (from which JND is supposed to be paid) were implemented through orders of this Court. Moreover, as JND is joining the Plaintiff's Enforcement Motion, it is essentially seeking to invoke, and join in, the same procedure for enforcement as is being invoked by a party. JND should be considered a nonparty legally entitled to seek such relief.

In sum, on numerous bases, JND has a sufficient interest and right to have its interests addressed along with the matters being considered in the Enforcement Motion.

## II. Joinder in the Relief Sought in the Enforcement Motion Entitles JND to Payment.

As the basis for Plaintiff's counsel's current request for payment of their fees, Plaintiff invokes the fact that payment of such fees is to "be paid *from the Settlement Fund* within the time period and manner set forth in the Settlement Agreement." (ECF No. 51 at 1 (emphasis added).) What

---

[2] While Rule 24 refers to the filing of a pleading (Fed. R. Civ. P. 24(c)), the requested joinder in the Enforcement Motion and JND's further legal argument herein sufficiently constitute such a filing clearly articulating JND's position on the matter. As noted in the examples cited above, a motion to compel payment to a non-party may be sufficient to invoke Rule 24.

Plaintiff's statement fails to point out is that the same provision of the Settlement Agreement that identifies the categories of funds that are to be paid from the "Settlement Fund" (including the Plaintiff's counsel's fees) *is the same provision* that provides that JND's costs of administration were to be made through that same "Settlement Fund." (Settlement Agreement (ECF No. 36-1) at 10.) Accordingly, to the extent that this Court grants Plaintiff's counsel's request for payment, JND stands on at least equal footing, and any payments from that fund, or based on that argument, should also be made to JND.

In convincing this Court to enter the Preliminary Approval Order, the parties represented to the Court that JND would be paid from the same fund that would pay the Plaintiff, the settlement claimants, and the Plaintiff's counsel. The current proposal under the Enforcement Motion– without acknowledging JND– would seem to result in the Plaintiff getting paid, the Plaintiff's counsel getting paid, and the class claims getting paid, while JND is left holding the bag.

Any ruling without taking into consideration the protection of JND's interests under the same Settlement Agreement provisions would have a chilling effect throughout the class action practice area. JND was seemingly protected by court orders by having its services to be paid from the same court-approved "Settlement Fund" as the Plaintiff and her counsel. Unfortunately, without court intervention, this payment dispute is heading in the anomalous direction of having JND (to its detriment) being subject to court orders requiring it to do work while receiving none of the protections that appeared to have been granted before it engaged in the claims administration process. That is not to mention that the Court seemingly "retained jurisdiction" and "authority" to oversee the "administration" of the settlement. (ECF No. 44.)

As of the current time, JND is owed $104,617.27 for the administration work that it has performed to date; and the Defendant has never contested or challenged the amounts charged by JND. (*See* declaration attached hereto as **Exhibit 1**.) Both JND and its counsel have engaged in

7

multiple efforts to negotiate a resolution to the Defendant's failure to pay. At this point, the Defendant simply refuses to pay and ignores requests to continue to engage in a dialogue. Importantly, JND's work was performed because this Court *ordered* JND to perform the duties of claims administrator. In short, if Plaintiff's counsel is going to get paid by invoking a right to be paid through the "Settlement Fund" provision, JND should be treated equally through that same provision.

Counsel for JND has repeatedly conferred with counsel for the Defendant in an effort to resolve the dispute involving the Defendant's failure to make payments related to the settlement of this matter (namely, the payments to JND as contemplated in the settlement approved by this Court), and, as the Defendant has not been cooperative in such efforts, court intervention is necessary.

## Conclusion

For the foregoing reasons, JND should be permitted to intervene or otherwise participate in this Action for the limited purpose of joining in the Enforcement Motion such that, to the extent that Defendant is ordered to make payments pursuant to the terms of the settlement, such ordered payments also must include all amounts owing to JND by the Defendant. If the Court permits such intervention and/or joinder, JND respectfully requests that the Court order the Defendant to immediately make such payments to JND pursuant to the court-approved terms of the settlement.

*Counsel for Court-Appointed Claims Administrator and Proposed Intervenor JND Legal Administration Co.*

*/s/ Bryan T. West*
Marcy Levine Aldrich (FBN 0968447)
Bryan T. West (FBN 83526)
**Akerman LLP**
Three Brickell City Centre
98 Southeast Seventh Street
Miami, Florida  33131
Telephone: 305-374-5600
Fax: 305-374-5095
marcy.aldrich@akerman.com
bryan.west@akerman.com

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the CM/ECF system this 1st day of May, 2020, and served on those parties who have appeared in this matter through the CM/ECF system.

> *s/Bryan T. West*
> Bryan T. West