**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CYDNEY HALPERIN, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

YOUFIT HEALTH CLUBS, LLC, a Delaware limited liability company,

        Defendant.

CASE NO 18-CV-61722-DIMITROULEAS

**YOUFIT HEALTH CLUBS, LLC'S RESPONSE IN OPPOSITION**
**TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

Defendant, YouFit Health Clubs, LLC ("YouFit"), by counsel and pursuant to Local Rule 7.1(c)(1), submits the following response in opposition to Plaintiff Cydney Halperin's ("Plaintiff") Motion to Enforce Settlement (DE 51):

**INTRODUCTION**

1. YouFit is in the middle of an unpredictable and unprecedented financial hardship resulting from the COVID-19 global pandemic. The health club industry has been impacted perhaps as much or more than any other industry. Specifically, but without limitation, executive orders, CDC social distancing guidelines, federal recommendations, and local stay-at-home orders required YouFit to cease all operations, nationwide, beginning March 17, 2020.

2. On April 29, 2020, Governor DeSantis signed Executive Order Number 20-112, which provides that: "Gyms and fitness centers closed by Executive Order 20-71 shall remain closed." There is no indication as to when health clubs, like YouFit's gyms, may re-open.

3. With its business closed, YouFit has limited financial resources. Although YouFit has arranged temporary financial compromises with some creditors while its business remains closed, Class Counsel chose to seek judicial intervention while advising YouFit they were

{BC00285230:1}

unwilling to accept any compromise short of full and immediate payment. And, without grounds to do so, Class Counsel is requesting that the Court accelerate all amounts due based on YouFit's failure to make the installment payment on April 15, 2020.

4. Given the current status of YouFit's business and the uncertainty surrounding when YouFit can begin commencing business operations, YouFit requests that the remaining payments due under the Settlement Agreement be stayed.

## BACKGROUND

5. On May 29, 2019, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between the Parties ("Preliminary Approval Order") (DE 37).

6. On November 1, 2019, the Court entered its Final Judgment and Order Approving Settlement (DE 44).

7. Pursuant to the Settlement Agreement, YouFit is required to make the following payments: (1) payment of a Service Award to Plaintiff through Class Counsel; (2) payment to JND to fund payment of all Class Member claims; (3) installment payments to Class Counsel for the Settlement Class Attorneys' Fees and Expenses; and (4) payment to JND for all settlement administration fees and expenses.

8. On December 6, 2019 YouFit made the Service Award payment to Plaintiff via Class Counsel.

9. On January 8, 2020, Class Counsel and YouFit agreed to the following payment schedule for the payment of Settlement Class Attorneys' Fees and Expenses:

- February 15, 2020 – payment of $60,000.00
- March 15, 2020 – payment of $63,333.33

- April 15, 2020 – payment of $63,333.33
- May 15, 2020 – payment of $63,333.33

10. On January 13, 2020, YouFit made the remaining payment to JND to fund payments to class claimants. On February 4, 2020, JND disbursed the funds to the class claimants.

11. On February 15, 2020 and March 17, 2020 (the same day on which it ceased all operations), YouFit made the first two installment payments of Settlement Class Attorneys' Fees and Expenses to Class Counsel.

12. YouFit did not make the payment due to Class Counsel on April 15, 2020. Class Counsel informed counsel for YouFit by email that payment had not been made and counsel for YouFit advised Class Counsel about the effects of the pandemic on YouFit. Counsel for YouFit advised it was attempting to get more information and suggested a telephone call to discuss some potential avenues to address the situation.

13. On April 16, 2020, Class Counsel informed counsel for YouFit that "there is no compromise acceptable to us short of payment."

14. On April 17, 2020, Plaintiff filed her Motion to Enforce Settlement based on YouFit's failure to make the April 15, 2020 installment payment and requested that the Court order YouFit to make all remaining payments by April 24, 2020. Notably absent from the Motion is a meet and confer certification pursuant Local Rule 7.1(a)(3).

15. Further, the Motion provides no support to accelerate the fourth installment payment. The Settlement Agreement does not contain an acceleration clause.

16. After Plaintiff filed the Motion, counsel continued to exchange emails and Class Counsel did advise that they would review options presented by YouFit, but also advised that "any

viable option must start with an immediate payment." YouFit was unable to comply with such demand and, as a result, the dialogue ended.

## ARGUMENT

"A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Florida Bd. Of Regents*, 807 F.2d 901 (11th Cir. 1987). Under Florida contract law, the defense of impossibility exists "where purposes for which the contract was made, have, on one side become impossible to perform." *Bland v. Freightliner, LLC,* 206 F.Supp.2d 1202, 1208 (M.D.Fla.2002) (citing *Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc.,* 174 So.2d 614, 617 (Fla.1965)). "'Acts of God' and governmental action are among several types of business risks which implicate the impossibility defense." *Harvey v. Lake Buena Vista Resort, LLC,* 568 F. Supp. 2d 1354, 1367 (M.D. Fla. 2008); *see also Cook v. Deltona Corp.,* 753 F.2d 1552, 1557 (11th Cir.1985) (analyzing government regulations as excuse for non-performance).

The Eleventh Circuit instructs courts to focus on the foreseeability of the event which has purportedly made performance impossible:

> Thus, it seems to us that the most profitable approach to an impossibility claim is not to pass on the relative difficulty caused by a supervening event, but to **ask whether that supervening event so radically altered the world in which the parties were expected to fulfill their promises that it is unwise to hold them to the bargain**. Ultimately the issue is whether the change is foreseeable. This is the rule in Florida.

*Cook,* 753 F.2d at 1558 (emphasis added).

Here, it is difficult to imagine a less foreseeable event than a pandemic forcing the closure of every one of YouFit's clubs and virtually halting the global economy. Paragraph 20 of the Court's Final Judgment and Order Approving Settlement (DE 44), provides that "[w]ithout further

{BC00285230:1}                                    4

order of the Court, the Settlement Parties may agree to reasonably necessary extension of time to carry out any provisions of the Settlement." Despite the Court clearly granting the parties latitude to adjust payment deadlines, and despite the obvious and severe impacts on YouFit's business caused by an historic and unforeseeable event, Class Counsel demanded full and immediate payment and sought judicial intervention when YouFit could not meet the demand.

The unpredictable financial realities caused by the global pandemic warrant an adjustment of the payment deadlines under the Settlement Agreement. However, YouFit has no knowledge as to when the Governor may allow YouFit to re-open its clubs. Accordingly, YouFit requests a stay of its payment obligations under the Settlement Agreement until further order of the Court. YouFit will advise the Court on further developments, including when it is permitted to open its clubs.

WHEREFORE, YouFit Health Clubs, LLC respectfully requests that the Court deny Plaintiff's Motion to Enforce Settlement, stay YouFit's payment obligations under the Settlement Agreement until such time as YouFit is permitted to reopen and operate its business, and for such further relief as the Court deems just and proper.

Dated: May 1, 2020

Respectfully submitted,

BAJO | CUVA | COHEN | TURKEL
100 N. Tampa Street, Suite 1900
Tampa, FL  33602
Telephone:  (813) 443-2199
Facsimile: (813) 443-2193

By: */s/ Brad F. Barrios*
   Kenneth G. Turkel, FBN 867233
   kturkel@bajocuva.com
   Brad F. Barrios, FBN 35293
   bbarrios@bajocuva.com
   Anthony Severino, FBN 93452
   aseverino@bajocuva.com
   *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:

**KAUFMAN P.A**.
Avi R. Kaufman, Esq.
400 NW 26th Street
Miami, FL 33127
kaufman@kaufmanpa.com

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
14 NE 1st Avenue, Suite 400
Miami, FL 33132
ashamis@shamisgentile.com

**EDELSBERG LAW, PA**
Scott A. Edelsberg
19495 Biscayne Blvd. #607 Aventura, FL 33180
scott@edelsberglaw.com

                                                */s/ Brad F. Barrios*
                                                Attorney