UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61722-CIV-DIMITROULEAS/SNOW

CYDNEY HALPERIN, individually and
on behalf of all others similarly situated,

       Plaintiff,
v.

YOUFIT HEALTH CLUBS, LLC,
a Florida limited liability company,

       Defendant.
_____/

## ORDER REQUIRING CONFERRAL OF COUNSEL

This matter is before the Court on Class Counsel's Motion to Enforce the Settlement filed on April 17, 2020. (ECF No. 51) The Honorable William P. Dimitrouleas, United States District Judge, referred this Motion to the undersigned United States Magistrate Judge. (ECF No. 52)

On November 1, 2019, this Court granted Final Approval to the class wide settlement of claims in this action. (ECF No. 44) The parties agreed to a modified payment schedule, which allowed Defendant to make payments on February 15, 2020, March 15, 2020, April 15, 2020, and May 15, 2020. (ECF No. 48) Defendant failed to make the April 15th payment. On April 17, 2020, Class Counsel filed the instant Motion seeking payment for its April 15th payment and an acceleration of the May 15th payment.

After carefully reviewing the Motion, Response and Reply, it is evident to the undersigned that the parties exchanged emails but did not engage in a meaningful conferral in an effort to resolve the issues prior to filing this Motion with the Court. Further, other than exchanging emails, counsel

have failed to actually talk about these issues.

Local Rule 7.1(a)(3) requires that for motions such as this "counsel for the movant shall confer (orally or in writing), or make reasonable effort (orally or in writing), with all parties . . . who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion."  It further states that "Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction . . . ." S.D. Fla. L. R. 7.1(a)(3).  Putting this rule into practice, courts in the Southern District of Florida have found that this requirement is only met by "a give-and-take exchange with opposing counsel." Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp., 744 F. Supp. 2d 1297, 1299 n.2 (S.D. Fla. 2010); see also Rogers v. Universal Court Reporting, Inc., 2014 WL 12628472, at *1 (S.D. Fla. Jan. 7, 2014)(stating same).  This Local Rule has been enforced strictly in the past.  See Muzaffarr v. Ross Dress for Less, Inc., 941 F. Supp. 2d 1373, 1376 (S.D. Fla. 2013)(Snow, J.); see also Karakis v. Gulfstream Park Racing Ass'n, Inc., 2008 WL 4938406, at *1 (S.D. Fla. Nov. 18, 2008).  Here, counsel fell short of the "give-and-take exchange" that is required.

Class Counsel has represented that Defendant has not proposed a modified payment schedule or attempted to make a partial payment of the April 15 installment.  They are further concerned that Defendant will not make its May 15th payment.  It is apparent the parties need to meaningfully confer in an effort to resolve the issue regarding the April and May payments prior to seeking court intervention.

Accordingly, it is hereby

ORDERED AND ADJUDGED that **the parties will conduct a meaningful conferral either telephonically or by video-conference no later than noon on Wednesday, May 13, 2020.**

2

If the parties resolve the issues, the parties shall file a Joint Notice of Withdrawal of the Motion indicating that the Motion is withdrawn and the substance of the parties agreement.  This Notice shall be filed **no later than noon on Thursday, May 14, 2020.**  If the parties are unable to resolve the Motion, they shall file a Joint Status Report **no later than noon on Thursday, May 14, 2020**, advising the Court of the proposals submitted by the parties to resolve this dispute and the reasons that the parties were unable to resolve the issue of the two remaining payments without the Court's intervention.

DONE and ORDERED at Fort Lauderdale, Florida this 9th day of May, 2020.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable William P. Dimitrouleas
United States District Judge

All Counsel of Record and/or Pro Se Parties

## ATTACHMENT A (Revised August 2018)

## DISCOVERY PROCEDURES FOR MAGISTRATE JUDGE LURANA S. SNOW

## THE COURT MAY DECLINE TO CONSIDER A MOTION OR RESPONSE WHICH DOES NOT COMPLY WITH THESE PROCEDURES

### DISCOVERY MOTIONS

Counsel must actually confer (either in person or via telephone) and engage in a genuine effort to resolve discovery disputes before filing discovery motions.

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party shall file a motion, no more than 5 pages in length. The moving party may attach as exhibits to the motion materials relevant to the discovery dispute. For example, if the dispute concerns interrogatories, the interrogatory responses (which restate the interrogatories) shall be filed, with an indication of which interrogatories remain in dispute. Because the parties may attach relevant discovery to the motion, compliance with S.D. Fla. L.R. 26.1(g)(2) or (3) is not required. The movant shall include in the motion a certificate of good faith that complies with S.D. Fla. L.R. 7.1(a)(3).

### RESPONSES and REPLIES TO MOTIONS

The responding party shall file a response to the discovery motion no later than as provided in the federal procedural rules or as provided by order of the Court. The response shall be no more than 3 pages in length. The responding party may attach as exhibits materials relevant to the discovery dispute, as outlined above.

A reply brief may be filed. If a reply brief is filed, it shall be no more than 3 pages in length.

### ADDITIONAL INFORMATION

These procedures do not relieve parties of the requirements of any Federal Rule of Civil Procedure or Local Rule except as noted above.

The parties shall file a notice in CM/ECF if they resolve some or all of the issues in dispute in the pending motion.

Telephonic appearances are not permitted.