UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CYDNEY HALPERIN, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

YOUFIT HEALTH CLUBS, LLC, a Delaware limited liability company,

        Defendant.

CASE NO 18-CV-61722-DIMITROULEAS

**YOUFIT HEALTH CLUBS, LLC'S RESPONSE IN OPPOSITION TO NON-PARTY JND LEGAL ADMINISTRATION CO.'S MOTION FOR LEAVE TO JOIN IN PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

Defendant, YouFit Health Clubs, LLC ("YouFit"), by counsel and pursuant to Local Rule 7.1(c)(1), submits its response in opposition to non-party JND Legal Administration Co.'s ("JND") Motion for Leave to Join in Plaintiff's Motion to Enforce Settlement (ECF 53):

**INTRODUCTION**

1. This is non-party JND's second attempt to involve the Court in its breach of contract claims against YouFit. The Court previously and correctly ruled that if JND wishes to pursue any legal action against YouFit, it should file a properly pleaded action in the appropriate court (ECF 50).

2. However, instead of filing a separate action as directed by the Court, JND now seeks leave to join in Plaintiff's Motion to Enforce Settlement and requests the exact same relief the Court previously denied.

3. The Court should deny JND's Motion because it is nothing more than a thinly disguised improper motion for reconsideration and YouFit's performance has been rendered impossible by COVID-19.

{BC00286449:1}

## THE SETTLEMENT AGREEMENT AND FINAL JUDGMENT

4. On May 29, 2019, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between the Parties ("Preliminary Approval Order") (ECF 37).

5. JND is not a party in the underlying case nor a party to the Settlement Agreement. JND was only identified as the Claims Administrator.

6. On November 1, 2019, the Court entered its Final Judgment and Order Approving Settlement (ECF 44).

7. Contrary to JND's allegations, the Final Judgment and Order Approving Settlement does not "incorporate the terms" of the Settlement Agreement. Instead, it only approves the Settlement Agreement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). (ECF 44, ¶8)

8. And, unlike the fees awarded to Class Counsel and the Service Award to Plaintiff, the Final Judgment and Order Approving Settlement does not order the payment of JND's fees.

9. Although the Settlement Agreement references JND, for instance, stating it will be paid for all reasonable services provided, JND invoiced YouFit pursuant to a separate document which included terms and conditions drafted by JND. These terms and conditions differ from and are in conflict with the Settlement Agreement.[1]

## JND'S ATTEMPT TO ENFORCE THE SETTLEMENT

10. YouFit and JND previously discussed a resolution of JND's outstanding invoices. Initially, JND demanded immediate payment of its invoices. When YouFit advised it was unable

---

[1] However, because the JND terms and conditions contain a confidentiality provision, YouFit has not attached the document to its response and will submit it separately to the Court after a meet and confer with JND's counsel regarding the scope of the confidentiality provision.

2

to make an immediate full payment, JND overnighted a letter to the Court seeking to enforce the Settlement Agreement.

11. On February 18, 2020, the Court entered its Order denying JND's request and directing JND did file a separate suit in the appropriate forum (ECF 50).

12. Despite the Court's February 18, 2020 Order, JND did not file a separate action.

13. Following the Court's February 18, 2020 Order, JND and YouFit resumed discussions to resolve the matter. The parties were engaged in a productive dialogue, and close to resolution, when the COVID-19 pandemic shut down the global economy. Health clubs were among the businesses required to close completely.

14. On May 1, 2020, JND filed its Motion after a similar motion was filed by Class Counsel (ECF 51).

15. JND and YouFit have engaged in a dialogue about potential resolutions since the filing of JND's Motion. As of the date of this response, that dialogue is ongoing.

## ARGUMENT

The Court should deny JND's Motion because it is an improper motion for reconsideration of the Court's previous order and because the COVID-19 pandemic has rendered YouFit's performance of its alleged payment obligation impossible.

**I. JND's Motion for Leave is an Improper Motion for Reconsideration which Seeks a Second Bite at the Apple.**

The Court has already denied the same relief JND is seeking in its Motion—to order YouFit to pay JND's invoices. A motion for reconsideration is not a vehicle to revisit prior arguments, present issues that should have been presented previously, or induce the Court to "rethink 'what it already thought through—rightly or wrongly.'" *Underwood v. Lampert*, 2005 WL 8155009, at *1 (S.D. Fla. Feb. 3, 2005) (citing *Pines Properties, Inc. v. Am. Marine Bank*, No. 00-8041-CIV, 2004

3

WL 5562664, at *1 (S.D. Fla. Jan. 15, 2004) (quoting *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).  "[A]ny arguments the party failed to raise in the earlier motion will be deemed waived."  *Underwood v. Lampert*, 2005 WL 8155009, at *1 (S.D. Fla. Feb. 3, 2005).

"[A] motion for reconsideration will be granted only in extraordinary circumstances." *Urdaneta v. JP Morgan Chase Bank, N.A.*, 2009 WL 10667459, at *2 (S.D. Fla. Nov. 24, 2009). These extraordinary circumstances exist where the movant can establish: "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (internal quotation marks omitted).

Here, JND fails to argue that there has been an intervening change in controlling law or that is has discovered new evidence that would warrant reconsideration.  JND does not even argue that the Court's previous order resulted in clear legal error or manifest injustice. JND merely suggests that the "Court perceived the Defendant's failure to abide by its obligations simply as a "breach of contract" matter. (ECF No. 50.)."

Questioning the logic of the Court's decision does not establish clear error or manifest injustice. Such an error only exists where the "court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine, Inc.*, 808 F. Supp. at 1563 (citations omitted).  "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* (citations omitted).

Even if the Court's perception was incorrect—which it was not—it would not result in injustice. JND does not dispute that it can sue YouFit for breach of contract. JND's preference to obtain relief within this action does not rise to the level of injustice and is an insufficient ground on which to reconsider a prior order.

JND argues that *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 381 (1994) supports a reversal of this Court's previous order because "by incorporating the terms of the settlement agreement in the order," "a breach of the agreement would be a violation of the order." However, *Kokkonen* is distinguishable. As stated above, the Final Judgment and Order Approving the Settlement does not incorporate the terms of the Settlement Agreement into the Order.[2] *Id.* ("The Judge's mere awareness and approval of the terms of the settlement do not suffice to make them part of his order.") Further, unlike the parties in *Kokkonen*, JND is not a party to the Settlement Agreement which is the subject of the action.

JND merely expresses its displeasure with the Court's Order, reiterates the arguments previously raised, and asks the Court to rethink what the Court already decided. Consequently, the Motion should be denied. *See Watkins v. White*, 2014 WL 11380941, at *1 (S.D. Fla. Aug. 28, 2014); *Underwood*, 2005 WL 8155009, at *1 ("Defendants are precluded from restating their arguments or raising new arguments that were previously available to them"); *United States ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1378 (N.D. Ga. 2010) ("Other than mere disagreement with the Court's ultimate result, Defendants offer no basis for reconsidering its previous rulings in this case. As such, the Court denies Defendants' motion for reconsideration in its entirety.").

---

[2] The Court does retain jurisdiction over the Settlement Agreement in the Final Judgment and Order Approving Settlement; however, JND is not a party to the Settlement Agreement nor a party to the underlying case.

## II. YouFit's Performance has been Rendered Impossible by COVID-19.

"Under Florida contract law, the defense of impossibility exists "where purposes for which the contract was made, have, on one side become impossible to perform." *Bland v. Freightliner, LLC,* 206 F.Supp.2d 1202, 1208 (M.D.Fla.2002) (citing *Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc.,* 174 So.2d 614, 617 (Fla.1965)). "'Acts of God' and governmental action are among several types of business risks which implicate the impossibility defense." *Harvey v. Lake Buena Vista Resort, LLC,* 568 F. Supp. 2d 1354, 1367 (M.D. Fla. 2008); *see also Cook v. Deltona Corp.,* 753 F.2d 1552, 1557 (11th Cir.1985) (analyzing government regulations as excuse for non-performance).

The Eleventh Circuit instructs courts to focus on the foreseeability of the event which has purportedly made performance impossible:

> Thus, it seems to us that the most profitable approach to an impossibility claim is not to pass on the relative difficulty caused by a supervening event, but to **ask whether that supervening event so radically altered the world in which the parties were expected to fulfill their promises that it is unwise to hold them to the bargain**. Ultimately the issue is whether the change is foreseeable. This is the rule in Florida.

*Cook,* 753 F.2d at 1558 (emphasis added).

Here, it is difficult to imagine a less foreseeable event than a pandemic forcing the closure of every one of YouFit's clubs and virtually halting the global economy. YouFit has no knowledge as to when the government may allow YouFit to re-open its clubs. Accordingly, if the Court is inclined to permit JND to seek enforcement of the Settlement Agreement, YouFit requests a stay of its payment obligations under the Settlement Agreement until further order of the Court. YouFit will advise the Court on further developments, including when it is able to open its clubs.

WHEREFORE, YouFit Health Clubs, LLC respectfully requests that the Court deny JND's Motion to for Leave to Join in Plaintiff' Motion to Enforce Settlement or, alternatively, stay YouFit's payment obligations under the Settlement Agreement until such time as YouFit is able to reopen and operate its business, and for such further relief as the Court deems just and proper.

Dated:  May 15, 2020

Respectfully submitted,

BAJO | CUVA | COHEN | TURKEL
100 N. Tampa Street, Suite 1900
Tampa, FL  33602
Telephone:  (813) 443-2199
Facsimile: (813) 443-2193

By: */s/ Brad F. Barrios*
Kenneth G. Turkel, FBN 867233
kturkel@bajocuva.com
Brad F. Barrios, FBN 35293
bbarrios@bajocuva.com
Anthony Severino, FBN 93452
aseverino@bajocuva.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:

**KAUFMAN P.A**.
Avi R. Kaufman, Esq.
400 NW 26th Street
Miami, FL  33127
kaufman@kaufmanpa.com

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
14 NE 1st Avenue, Suite 400
Miami, FL  33132
ashamis@shamisgentile.com

**EDELSBERG LAW, PA**
Scott A. Edelsberg
19495 Biscayne Blvd. #607
Aventura, FL 33180
scott@edelsberglaw.com

**AKERMAN LLP**
Marcy Levine Aldrich
Bryan T. West
Three Brickell City Centre
98 Southeast Seventh Street
Miami, FL 33131
marcy.aldrich@akerman.com
bryan.west@akerman.com

            */s/ Brad F. Barrios*
            Attorney

8

{BC00286449:1}